UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | | |
|---|---|---|
| FARM FRESH DIRECT DIRECT<br> BY A CUT ABOVE LLC, | * | |
| | * | |
| Plaintiff, | | Civil Action No.: |
| | * | |
| v. | * | |
| STEVEN DOWNEY, | * | |
| CLIPPER CITY LENDING LLC, | * | |
| FARM FRESH DIRECT<br> HOME FOOD SERVICES, LLC | * | |
| and | * | |
| JESSICA MICHELE SINSKY, | * | |
| Defendants. | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## COMPLAINT

Plaintiff Farm Fresh Direct Direct by A Cut Above LLC ("Farm Fresh Direct") brings

this complaint against defendants Steven Downey, Clipper City Lending LLC ("Clipper City"),

Farm Fresh Direct Direct Home Food Services, LLC ("FFDHS") and Jessica M. Sinsky

(collectively, "Defendants"), and complains against each as follows:

## PARTIES

1.     Farm Fresh Direct is a Maryland LLC with its principle place of business in

Baltimore County, whose purpose is to sell direct-to-consumer supplier of quality, natural foods

and related services to residential customers.

2.     Steven Downey is a resident of the State of Maryland who resides in Baltimore

County.

3.      Clipper City Lending LLC is a company organized and existing under the laws of the State of Maryland, with its head office located at #5 Northampton Road, Timonium, Maryland 21093.

4.      FFDHFS  is a company organized and existing under the laws of the State of Maryland, with its head office located at Building 2, Suite 101, 11350 McCormick Road, Hunt Valley, Maryland 21031 and which defendants Downey and Sinsky unlawfully organized to unfairly compete with Farm Fresh Direct Direct, as detailed herein.

5.      Jessica Michelle Sinsky is a resident of the State of Maryland who resides in Baltimore County.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this action pursuant to: (i) 28 U.S.C. §§ 1331 and 1338 as violations of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a) and (ii) 28 U.S.C. §1367(a), pursuant to the principles of supplemental jurisdiction.

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c).

8.      This Court may exercise personal jurisdiction over defendants because all reside in and work in the State of Maryland.

## FACTS

9.      Farm Fresh Direct Direct was on December 22, 2016 was registered with the Maryland State Department of Assessments and Taxation ("SDAT") as a limited liability corporation under the laws of Maryland.  On June 7, 2017, Farm Fresh Direct Direct registered with SDAT its ownership of the trade name "Farm Fresh Direct Direct."

10.      Since its formation, Farm Fresh Direct Direct  has worked to develop the Farm Fresh Direct  trade name and trademark by working to create a network of providers inside and

outside of Maryland and by working directly with suppliers throughout the mid-Atlantic region

to bring fresh, natural and quality foods directly to consumers.  Farm Fresh Direct Direct uses its

trade name and trademark in interstate commerce, including through its website

http://www.myfarmfreshdirect.com and also on Facebook ( at

https://www.facebook.com/myfarmfreshdirect/), displaying prominently the trade name and

trademark "Farm Fresh Direct" and the following logo:



11.      On or about April 5, 2017, Farm Fresh Direct entered into an "Independent

Representative and Non-Compete Agreement" ("Agreement") with Mr. Downey and Clipper

City Lending, LLC whereby Mr. Downey was to serve as a representative salesperson for and on

behalf of Farm Fresh Direct.  Mr. Downey, Clipper City and Mr. Downey agreed in pertinent

part as follows:

> 7. CONFIDENTIAL INFORMATION
>
> The REPRESENTATIVE [Mr. Downey and Clipper City] agrees that any and all information received by the REPRESENTATIVE during the furtherance of the REPRESENTATIVE's obligations in accordance with this contract, which concerns the personal, financial or other affairs of the COMPANY to include written, oral, printed, web-based or any other form will be treated by the REPRESENTATIVE in full confidence and will not be revealed to any other persons, firms or organizations without the prior oral or written permission of the COMPANY.
>
> This clause will continue in effect for one (1) year after the termination of this agreement.
>
> *   *   *

The REPRESENTATIVE agrees that it and Steven Downey will be liable for any damages resulting from a breach of this clause.

\* \* \*

NON-COMPETITION. For the duration of the Representative Agreement and any subsequent agreement executed for the same or similar purpose and for ONE (1) YEAR after the termination of such agreements, the Representative shall not work as an employee, officer, director, partner, consultant, agent, owner, or in any other capacity in any competition with the Company. This means that the Representative must not do any of the above for a COMPANY that PROVIDES HOME FOOD SERVICES OF ANY TYPE in NORTHERN VIRGINIA, DISTRICT OF COLUMBIA, MARYLAND AND SOUTHERN PENNSYLVANIA.

12.     In their relationship with Farm Fresh Direct, Downey and Clipper City had direct access to Farm Fresh Direct's confidential customer and other information.  On or about April 25, 2017, however, while the Agreement was fully in force, and while still engaged by Farm Fresh Direct, Downey and defendant Jessica M. Sinsky filed with SDAT articles of organization for a competing company with name intentionally confusing with Farm Fresh Direct's, "Farm Fresh Direct Direct Home Food Services, LLC." (Defendant FFDHF, herein)  Th filings with SDAT state that FFDHF's purpose is to sell fresh all natural food plans and other household items to residential customers.

13.     Jessica M. Sinsky is the resident agent and incorporator for FFDHF.

14.     On or about June 16, 2017, upon learning of Steven Downey's and Clipper City's violation of the Agreement, with Sinsky's assistance, Farm Fresh Direct terminated Downey and Clipper City from their engagement with Farm Fresh Direct.

15.     On or about June 23, 2017, Downey and Clipper City further violated the Agreement, by attempting to open an account with Farm Fresh Direct's meat supplier, and further seeking loans for "Farm Fresh Direct Direct."

16.     Upon information and belief, Stephen Downey and Clipper City have retained contact information for Farm Fresh Direct's providers and clients, have provided that for the use of FFDHF and have created or are seeking to create commercial relationships with them in violation of the Agreement unfairly completing with Farm Fresh Direct, including, through the use of the intentionally confusing FFDHF "Farm Fresh Direct" name.   Jessica Sinsky aided, abetted and supported these and other violations of Farm Fresh Direct's rights to the name Farm Fresh Direct Direct and further supported, aided and abetted Downey's and Clipper City's violation of the Agreement.

## FIRST CAUSE OF ACTION
### (Against All Defendants for Unfair Competition in Violation of Section 43(a) of Lanham Act, 15 U.S.C. §1125(a))

17.     Farm Fresh Direct repeats and realleges the preceding paragraphs.

18.     Farm Fresh Direct Direct used in commerce and further developed the name "Farm Fresh Direct" and its goodwill, using its name in interstate and intra-state commerce since at least December 2016.  Farm Fresh Direct has worked successfully to develop its trademark and tradename recognition and market in and throughout Maryland and the surrounding Pennsylvania and District of Columbia region.

19.     Defendants know and are aware of Farm Fresh Direct marks and trade name and have known since they wrongfully, unfairly and unlawfully chose and appropriated "Farm Fresh Direct" for their own unfairly and unlawfully-competing business.

20.     Defendants' willful adoption and unauthorized use of the "Farm Fresh Direct Direct" trade name and trademark is use in bad faith, without Farm Fresh Direct's authorization or consent, and in commerce is likely to cause confusion or mistake, or to deceive consumers

into thinking that Defendant's services emanate from Farm Fresh Direct or are sponsored or otherwise endorsed by Farm Fresh Direct.

21.     Defendants' are liable for infringement on the Farm Fresh Direct trade name and trademark.

22.     Defendants will, if not enjoined by this Court continue their acts of unfair competition and false designation of origin, to Farm Fresh Direct's immediate and irreparable injury. Farm Fresh Direct also has suffered damages, as set out below.

**COUNT II**
**(Against All Defendants for Unfair Competition and Deceptive Trade Practices under Maryland Common Law)**

23.     Farm Fresh Direct. repeats and realleges the preceding paragraphs.

24.     Defendants have engaged in unfair and deceptive trade practices.

25.     Defendants' unauthorized use of the "Farm Fresh Direct Direct" mark is an unfair business practice and permits defendants to undertake misleading advertising and representations, thereby competing unfairly with Farm Fresh Direct in violation of Maryland law.

26.     Unless enjoined by this Court, defendants will continue to employ their fraudulent and illegal business practices to Farm Fresh Direct's immediate and irreparable injury.  Farm Fresh Direct also has suffered damages, as set out below.

**COUNT III**
**BREACH OF CONTRACT**
**(Against Steven Downey and Clipper City)**

27.     Farm Fresh Direct. repeats and realleges the preceding paragraphs.

28.     Defendants Steven Downey and Clipper City materially breached their Agreement with Farm Fresh Direct.

29.     As the result of this breach, Farm Fresh Direct has suffered damages.

30.     Farm Fresh Direct Direct has been, and absent injunctive relief will continue to be, harmed by Steven Downey and Clipper City's actions.

## PRAYER FOR RELIEF

WHEREFORE, Farm Fresh Direct demands judgment for it as follows:

**A.     In response to Counts I (Lanham Act Violation) and II (Unfair Competition):**

1.     Against all defendants, issuing in favor of Farm Fresh Direct temporary, preliminary and permanent injunctive relief enjoining each defendant, his, her or its agents, servants, employees and all persons and entities acting in concert or participation with them from offering, selling, distributing, advertising or promoting any services using the "Farm Fresh Direct" tradename or trademark or any trade name or trademark similar to them.

2.     Ordering the re-naming of FFDHF to a name not unfairly competitive and confusingly similar to Farm Fresh Direct's;

3.     Awarding damages to Farm Fresh Direct of at least $75,000 and in response to Count I, attorneys fees, jointly and severally against each defendant;

**B.     In response to Count III (Breach of Contract):**

1.     Enforcing the Agreement against Steven Downey and Clipper City, including but not limited to enjoining each from competing with Farm Fresh Direct in violation of the Agreement, and from using Confidential Information in violation of the Agreement;

2.      Awarding damages to Farm Fresh Direct of at least $75,000, jointly and

severally against Steven Downey and Clipper City;

    **C.**      **In response to all Counts:**

1.      Awarding Farm Fresh Direct prejudgment interest and costs;

2.      Awarding Farm Fresh Direct other and further proper relief.

Dated: June 26, 2017.


/s/ J. Stephen Simms
J. Stephen Simms ( #4269)
Andrew T. Burger
Simms Showers LLP
201 International Circle
Baltimore, Maryland 21030
410-783-5795
jssimms@simmsshowers.com
atburger@simmsshowers.com

Farm Fresh Direct Counsel