IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FARM FRESH DIRECT DIRECT BY
A CUT ABOVE LLC,
   *Plaintiff*,

v.

STEVEN DOWNEY, *et al.*,
   *Defendants*.

Civil Action No. ELH-17-1760

**MEMORANDUM**

**I.    Background**

On June 26, 2017, plaintiff Farm Fresh Direct Direct By a Cut Above LLC ("Farm Fresh Direct") filed suit against defendants Steven Downey; Clipper City Lending LLC ("Clipper City"); Farm Fresh Direct Home Food Services, LLC ("Farm Fresh Home"); and Jessica Sinsky. ECF 1. Plaintiff alleged, *inter alia*, unfair competition in violation of the Lanham Act, as amended, 15 U.S.C. § 1125(a). *Id.* The docket reflects service on the defendants. *See* ECF 6 through ECF 9. Downey subsequently filed for bankruptcy, and the case is stayed as to him, under 11 U.S.C. § 362(a)(1).[1]

Sinsky filed an Answer on July 24, 2017. ECF 10. In an Order of July 26, 2017 (ECF 11) and again in an Order of August 15, 2017 (ECF 16), I explained that an individual may only represent herself and that all corporate entities and limited liability companies must be represented by counsel. However, I extended until July 31, 2017, the time for Clipper City to

---

[1] In my Order of August 15, 2017, I explained that the automatic stay as to Downey does not preclude the continuation of the suit as to Sinsky, Farm Fresh Home, and Clipper City. ECF 16 at 2 (citing *Kreisher v. Goldberg*, 478 F.3d 209, 213 (4th Cir. 2007)).

respond to the Complaint. ECF 11 at 2. That date coincided with the response deadline for Farm Fresh Home. *Id.*

On July 31, 2017, just a week after Sinsky filed her Answer, she moved to dismiss the Complaint. ECF 12. Plaintiff opposed the motion. ECF 14. No reply has been filed. *See* Docket. That motion remains pending.

No attorney has entered an appearance for Clipper City or Farm Fresh Home. *See* Docket. Thus, they have not responded to the suit. Accordingly, on August 15, 2017, I directed plaintiff to move for Clerk's entry of default as to Farm Fresh Home and Clipper City, or show cause why such action is not appropriate. ECF 16. That same day, plaintiff moved for Clerk's entry of default as to Farm Fresh Home and Clipper City. ECF 17. The Clerk entered default as to Clipper City on September 7, 2017 (ECF 19), and as to Farm Fresh Home on September 27, 2017. ECF 20.

On September 28, 2017, plaintiff filed a two-page Motion for Default Judgment, solely against Farm Fresh Home. ECF 21 ("Motion"). Plaintiff asks the Court, *inter alia*, to enjoin the use of the "Farm Fresh Direct" name by Farm Fresh Home and its agents, employees, and entities acting in concert with Farm Fresh Home. *Id.* at 2. Plaintiff also asks the Court to order Farm Fresh Home "to provide a financial accounting of its activities from the date of its incorporation to and including the date it produces the accounting[.]" *Id.* And, citing "11 U.S.C. § 1125(a)" (an inapplicable provision of the Bankruptcy Code),[2] plaintiff also seeks to recover damages suffered by plaintiff, costs of $808, and attorneys' fees of $14,570. ECF 21 at 1-2. No billing records or affidavits have been submitted.

---

[2] Presumably, plaintiff intended to cite Title 15 of the United States Code. *See* ECF 1, ¶¶ 6, 23-26.

Plaintiff appears to rely on 15 U.S.C. § 1117(a) (emphasis added to indicate those portions quoted by plaintiff in ECF 21 at 1-2):

> When a violation of any right of the registrant of a mark registered in the Patent and Trademark Office, a violation under section 1125(a) or (d) of this title, or a willful violation under section 1125(c) of this title, shall have been established in any civil action arising under this chapter, the plaintiff shall be entitled, subject to the provisions of sections 1111 and 1114 of this title, and subject to the principles of equity, to recover *(1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action.* The court shall assess such profits and damages or cause the same to be assessed under its direction. In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed. In assessing damages the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount. If the court shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case. Such sum in either of the above circumstances shall constitute compensation and not a penalty. The court in *exceptional cases* may award reasonable attorney fees to the prevailing party.

No hearing is necessary to resolve the Motion. *See* Local Rule 105.6. For the reasons that follow, I shall deny the Motion, without prejudice, and with leave to amend.

## II.    Default Judgment Standard

Upon a showing that a party against whom judgment is sought has failed to plead or otherwise defend, the clerk must enter the party's default onto the docket. Fed. R. Civ. P. 55(a). After the clerk has entered a default, the plaintiff may seek a default judgment. *See* Fed. R. Civ. P. 55(b). When the "plaintiff's claim is for a sum certain or a sum that may be made certain by computation," and it is supported by an affidavit, the clerk must enter a default judgment. Fed. R. Civ. P. 55(b)(1). However, a mere "generalized statement of the amount due in [the] plaintiff's complaint" does not establish a "sum certain" for the purposes of Rule 55(b)(1). 10A WRIGHT AND MILLER, KANE, MARCUS, SPENCER & STEINMAN, FEDERAL PRACTICE AND PROCEDURE § 2683 (4th ed. 2017 Update) ("WRIGHT AND MILLER"); *see Monge*

- 3 -

*v. Portofino Ristorante*, 751 F. Supp. 2d 789, 789 (D. Md. 2010). In that circumstance, "the party must apply to the court for a default judgment." Rule 55(b)(2).

Entry of default judgment "is left to the discretion of the court." *SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005). To be sure, it is the "'strong policy'" of the Fourth Circuit to decide cases on their merits. *Id.* (citation omitted); *see United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993); *Tazco, Inc. v. Director, Office of Workers' Compensation Program*, 895 F. 2d 949, 950 (4th Cir. 1990); *Disney Enters. v. Delane*, 446 F. Supp. 2d 402, 405 (D. Md. 2006). That policy is not absolute, however. Default judgment may be "'appropriate when the adversary process has been halted because of an essentially unresponsive party.'" *Entrepreneur Media, Inc. v. JMD Entertainment Group, LLC*, 958 F. Supp. 2d 588, 593 (D. Md. 2013) (citations omitted).

Farm Fresh Home never responded to the suit. Therefore, plaintiff's factual allegations, other than those pertaining to damages, are deemed admitted. *See* Fed. R. Civ. P. 8(b)(6); *see also Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (stating that the court accepts as true the well pleaded factual allegations in the Complaint as to liability). But, the court must determine whether the undisputed factual allegations constitute a legitimate cause of action. *Id.* at 780-81; *see also* WRIGHT AND MILLER § 2688.1 ("[L]iability is not deemed established simply because of the default . . . and the court, in its discretion, may require some proof of the facts that must be established in order to determine liability.").

If the court is satisfied that liability has been established, it must then determine the appropriate amount of damages. *Ryan*, 253 F.3d at 780-81. Allegations "relating to the amount of damages" are not deemed admitted based on a defendant's failure to respond to a suit. Fed R. Civ. P. 8(b)(6); *see Ryan*, 253 F.3d at 780 ("'[D]efault is not treated as an absolute confession by

the defendant of his liability and of the plaintiff's right to recover.'") (citation omitted); *see also Monge*, 751 Supp. 2d at 794 (same); *Trs. of the Elec. Welfare Trust Fund v. MH Passa Elec. Contracting, Inc.*, No. DKC-08-2805, 2009 WL 2982951, at *1 (D. Md. Sept. 14, 2009) ("Upon default, the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not."); *Pentech Fin. Servs., Inc. v. Old Dominion Saw Works, Inc.*, No. 6:09cv00004, 2009 WL 1872535, at *1 (W.D. Va. June 30, 2009) ("Upon default judgment, Plaintiff's factual allegations are accepted as true for all purposes excluding determination of damages.").

Rather, a court must make an independent determination regarding allegations as to damages. *See Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 154 (2d Cir. 1999). In so doing, the court may conduct an evidentiary hearing or require an accounting. Fed. R. Civ. P. 55(b)(2). However, the court may also make a determination of damages without a hearing, so long as there is an adequate evidentiary basis in the record to support an award of the requested damages. *See Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001) ("[T]he court may rely on detailed affidavits or documentary evidence to determine the appropriate sum."); *Monge*, 751 F. Supp. 2d at 795 (same); *Pentech Fin. Servs., Inc.*, 2009 WL 1872535, at *2 (concluding that there was "no need to convene a formal evidentiary hearing on the issue of damages" because plaintiff submitted affidavits and records establishing the amount of damages); *JTH Tax, Inc. v. Smith*, Civil No. 2:06CV76, 2006 WL 1982762, at *3 (E.D. Va. June 23, 2006) ("If the defendant does not contest the amount pleaded in the complaint and the claim is for a sum that is certain or easily computable, the judgment can be entered for that amount without further hearing.").

Notably, under Fed. R. Civ. P. 54(c), "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." *See In re Genesys Data Techs, Inc.*, 204 F.3d 124, 132 (4th Cir. 2000) ("When a Complaint demands a specific amount of damages, courts have generally held that a default judgment cannot award additional damages."). This is meant to enable the defendant to decide, on the basis of the suit, whether to expend the resources to defend the action. *Monge*, 751 F. Supp. 2d at 796.

### III. Discussion

### A. Default Judgment as to Only One Party

Plaintiff seeks default judgment against Farm Fresh Home, one of four defendants. ECF 21. Final judgment can be entered as to one of multiple defendants if the court "expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). But, an order or decision "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." *Id.*

Plaintiff has not addressed the implications of default judgment limited only to Farm Fresh Home. Nor has plaintiff explained the significance, if any, of Downey's stay or Sinsky's active defense. Plaintiff's omissions are of concern in light of the principles articulated in *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552 (1872).

In *Frow*, the plaintiff alleged that multiple defendants, including Frow, conspired to defraud him of land. 82 U.S. (15 Wall.) at 553. Frow failed to answer the complaint and the lower court entered a final decree against him. *Id.* Meanwhile, the other defendants answered the complaint and prevailed on the merits. *Id.* When the case reached the United States

Supreme Court, Justice Bradley described this inconsistent result as "unseemly and absurd." *Id.* at 554. The Court said that, ordinarily, in order to avoid the risk of inconsistent judgments in a multi-defendant case, the proper course "is simply to enter a default" against the defaulting party, and to "proceed with the cause upon the answers of the other defendants." *Id.*; *see also* WRIGHT AND MILLER § 2690 ("As a general rule . . . , when one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted."); *accord United States ex rel. Hudson v. Peerless Ins. Co.*, 374 F.2d 942, 944 (4th Cir. 1967); *Mullins v. River Docks, Corp.*, 791 F. Supp. 2d 511, 512 (E.D. Va. 2011); *Carter v. Rosenberg*, Civ. No. AMD-04-759, 2005 WL 782923, at *4 (D. Md. Apr. 7, 2005).

To be sure, subsequent case law has recognized that *Frow*'s holding is limited to situations alleging "joint and/or several" liability, or at least "'closely related'" liability. *Hudson*, 374 F.2d at 944-45 (citation omitted). To illustrate, if "the nondefaulting defendant's defense is a personal one—infancy, for example—and would not be available to the defaulting defendant," the *Frow* rule would not apply. WRIGHT AND MILLER § 2690; *see Whelan v. Abell*, 953 F.2d 663, 674-75 (D.C. Cir. 1992) (stating that *Frow* doctrine pertains "when liability is truly joint—that is, when the theory of recovery requires that all defendants be found liable if any one of them is liable—and when the relief sought can only be effective if judgment is granted against all"); *Int'l Controls Corp. v. Vesco*, 535 F.2d 742, 746-47 n.4 (2d Cir. 1976) ("[A]t most, *Frow* controls in situations where the liability of one defendant necessarily depends upon the liability of the others."), *cert. denied*, 434 U.S. 1014 (1978). *See generally Phoenix Renovation Corp. v. Gulf Coast Software, Inc.*, 197 F.R.D. 580, 582-83 (E.D. Va. 2000) (reviewing cases).

Plaintiff has not provided this Court with any explanation as to why defendants' liability is unrelated, or why, at this juncture, it is appropriate to enter default judgement against just one of four parties. *See* Fed. R. Civ. Pro. 54(b).

## B. Financial Accounting & Damages

Plaintiff seeks "damages sustained by the plaintiff" (ECF 21 at 1), without specifying a sum certain. ECF 21 at 1 (incorrectly citing 11 U.S.C. § 1125(a)). Without any analysis of 15 U.S.C. § 1117(a) as to the question of damages, plaintiff also asks this Court to order Farm Fresh Home to provide a "financial accounting," without specifying any particulars as to the documents subject to review.

However, it does not appear that the damages, if any, sought by plaintiff can be known without some type of a "financial accounting." Therefore, plaintiff's counsel may file a separate motion seeking an accounting, identifying and explaining the specific information sought from Farm Fresh Home that is pertinent to damages, and the basis of entitlement to recovery.

## C. Costs

Plaintiff seeks $808 in costs incurred in "prosecuting this action." ECF 21 at 2. Plaintiff attaches five receipts in support of the Motion. The amounts listed in those receipts are summarized in the Table below.

Table of Plaintiff's Cost Receipts

| Receipt | Cost Description | Cost |
|---|---|---|
| Pay.gov Payment Confirmation. ECF 21-1 at 1 | This appears to be a receipt for the case filing fee.[3] | $400.00 |
| Service of Process Receipt. ECF 21-1 at 2 | Service fee for Sinsky, individually. | $47.50 |
| Service of Process Receipt. ECF 21-1 at 3 | Service fee for Farm Fresh Home. | $95.00 |

---

[3] Plaintiff does not actually specify the basis for the receipt.

|  | Rush fee for Farm Fresh Home. | $30.00 |
|---|---|---|
|  | Telephone and transportation fee for Farm Fresh Home. | $24.00 |
| Service of Process Receipt. ECF 21-1 at 4 | Second service fee for Downey, individually. | $47.50 |
|  | Second Rush fee for Downey, individually. | $15.00 |
| Service of Process Receipt. ECF 21-1 at 5 | Service fee for Clipper City. | $95.00 |
|  | Rush fee for Clipper City. | $30.00 |
|  | Telephone and transportation fee for Clipper City. | $24.00 |
| **Total costs claimed by plaintiff** | | **$808.00** |

Plaintiff's assessment of costs is flawed for at least three reasons. First, this suit is stayed as to Downey because of his bankruptcy filing. ECF 15. Therefore, plaintiff has prematurely moved for costs relating to Downey. Second, Sinsky has not defaulted. Rather, she filed an answer to the Complaint on July 24, 2017 (ECF 10), and on July 31, 2017, she moved to dismiss the case against her. ECF 12. As with Downey, the motion for costs as to Sinsky is premature. Third, plaintiff has not moved for default judgment against Clipper City. *See* ECF 21. Therefore, plaintiff's motion for service costs relating to Clipper City is also premature.

### D. Attorneys' Fees

Plaintiff asks the court to award "'reasonable attorneys' fees because this action qualifies as an 'exceptional case [sic].'" ECF 21 at 2. Specifically, plaintiff asks the Court to award $14,570 in attorneys' fees. ECF 21 at 2, ¶ (5). As with damages, plaintiff incorrectly cited 11 U.S.C. § 1125(a) to support the request for attorneys' fees. *See* ECF 21 at 1-2.

In relevant part, 15 U.S.C. § 1117(a) states: "The court in exceptional cases may award reasonable attorney fees to the prevailing party." Noticeably, plaintiff does not explain why this is in fact an exceptional case. Nor has plaintiff described why $14,570 is reasonable. Indeed,

plaintiff has not provided the Court with any timesheets or any other documentation pertaining to the request for attorneys' fees.

Ordinarily, in calculating the appropriate award of attorneys' fees, the court first determines the lodestar amount, defined as a "reasonable hourly rate multiplied by hours reasonably expended." *Grissom v. The Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008); *see Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009); *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990) (stating that, "[i]n addition to the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award") (citations and internal quotation marks omitted). "The Supreme Court has indulged a 'strong presumption'" that the "lodestar" figure, as defined by the Court in *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983), "represents a reasonable attorney's fee." *McAfee v. Boczar*, 738 F.3d 81, 88-89 (4th Cir. 2013).

The court determines a reasonable fee by assessing whether the hours worked were reasonable or whether the request includes hours that were unnecessary or duplicative. Thus, the plaintiff "must show that the number of hours for which he seeks reimbursement is reasonable and does not include hours that are excessive, redundant, or otherwise unnecessary." *Travis v. Prime Lending*, No. 3:07cv00065, 2008 WL 2397330, at *4 (W.D. Va. June 12, 2008) (concluding, after initially determining that the attorney's hourly rate was reasonable, that attorney's fees requested by plaintiff were reasonable, based on documentation of hours worked and the work completed); *Flynn v. Jocanz*, 480 F. Supp. 2d 218, 220-21 (D.D.C. 2007) (awarding requested attorney's fees based on affidavits and the record).

In evaluating the reasonableness of the requested legal fee, the court also considers the twelve factors articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), and adopted by the Fourth Circuit in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978); *see McAfee*, 738 F.3d at 88-89. The *Johnson* factors follow, 488 F.2d at 717-19:

> (1) the time and labor required;
> (2) the novelty and difficulty of the questions;
> (3) the skill requisite to properly perform the legal service;
> (4) the preclusion of other employment by the attorney due to acceptance of the case;
> (5) the customary fee;
> (6) whether the fee is fixed or contingent;
> (7) time limitations imposed by the client or the circumstances;
> (8) the amount involved and the results obtained;
> (9) the experience, reputation, and ability of the attorneys;
> (10) the "undesirability" of the case;
> (11) the nature and length of the professional relationship with the client; and
> (12) awards in similar cases.

Notably, when entering a default judgment, the court may make an award of attorneys' fees for a lesser amount than the moving party requested. *See DirecTV v. Agee*, 405 F. Supp. 2d 6, 8 (D.D.C. 2005) (concluding, on granting default judgment, that "plaintiff's requested relief . . . for attorneys' fees [was] excessive" and awarding half of what was requested in the plaintiff's motion). In other words, a trial court is vested with discretion in determining the award of fees, because of its "'superior understanding of the litigation.'" *Thompson v. HUD*, No. MJG-95-309, 2002 WL 31777631, at *6 n.18 (D. Md. Nov. 21, 2002) (quoting *Daly v. Hill*, 790 F.2d 1071, 1078-79 (4th Cir. 1986)); *see also McAfee*, 738 F.3d at 88; *Robinson*, 560 F.3d at 243.

Here, plaintiff seeks $14,570 (ECF 21 at 2, ¶ (5)) in "'reasonable attorneys' fees" under § 1117(a). Plaintiff provides no lodestar analysis or documentation. Consequently, I cannot award attorneys' fees at this juncture.

### E.  Equitable Relief

In addition to the foregoing requested relief, plaintiff asks this Court to "permanently enjoin[ Farm Fresh Home], its agents, servants, employees, and all persons and entities acting in concert or participation with [it] from offering, selling, distributing, advertising, or promoting any services using the 'Farm Fresh Direct' name or any name similar thereto." ECF 21 at 2, ¶ (1). Plaintiff also asks the Court to order "the re-naming of 'Farm Fresh Direct Home Food Services, LLC' to a name not unfairly competitive and confusingly similar to Farm Fresh Direct's[.]" *Id.* at 2, ¶ (5).

Although Farm Fresh Home's liability may be separate and distinct from any liability that could attach to Sinsky, Downey, and Clipper City, plaintiff has not provided this Court with a rationale as to why the equitable remedies it seeks are proper under *Frow* or under Fed. R. Civ. Pro. 54(b). Further, plaintiff has failed to explain what significance this Court should attach Downey's stay and Sinsky's defense. For these reasons, I will deny the Motion as to these two remedies, without prejudice and with leave to amend.

### IV.  Conclusion

For the foregoing reasons, I shall DENY plaintiff's Motion for Default Judgment as to Farm Fresh Home, *without prejudice*, and GRANT plaintiff *leave to amend* the Motion to correct the deficiencies identified in this Memorandum.

An Order follows.

Date: October 6, 2017 /s/
Ellen L. Hollander
United States District Judge