## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

Chambers of
**Ellen Lipton Hollander**
District Court Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-0742

March 29, 2018

MEMORANDUM TO STEVEN DOWNEY (BY U.S. MAIL); FARM FRESH DIRECT HOME FOOD SERVICES, LLC (BY U.S. MAIL); CLIPPER CITY LENDING, LLC (BY U.S. MAIL); JESSICA SINSKY (BY U.S. MAIL); and COUNSEL (BY CM/ECF)

Steven Downey
5 Northampton Rd.
Lutherville-Timonium, MD 21093

Jessica Sinsky
1266 Delbert Ave.
Baltimore, MD 21222

Clipper City Lending, LLC
ATTN: Steven Downey
5 Northampton Rd.
Lutherville-Timonium, MD 21093

Farm Fresh Direct Home Food Services, LLC
ATTN: Jessica Sinsky
11350 McCormick Rd.
Building 2, Suite 101
Hunt Valley MD 21030

Re:   *Farm Fresh Direct Direct By a Cut Above LLC v. Steven Downey, et al.*
       Civil Action No. ELH-17-1760

Plaintiff Farm Fresh Direct Direct By a Cut Above, LLC ("Farm Fresh Direct") filed suit against defendants Steven Downey; Jessica Sinsky; Clipper City Lending, LLC ("Clipper City"); and Farm Fresh Direct Home Food Services, LLC ("Farm Fresh Home"), alleging unfair competition, in violation of Section 43(a) of the Lanham Act, codified at 15 U.S.C. § 1125(a) and unfair competition and deceptive trade practices under Maryland common law. In addition, as to Downey and Clipper City, plaintiff alleges breach of contract. *See* ECF 1 ("Complaint").

On August 14, 2017, the Court received notice that Downey had filed for bankruptcy. *See* ECF 15. Therefore, on August 15, 2017, the case was stayed as to Downey, pursuant to 11 U.S.C. § 362(a)(1).[1] *See* ECF 16. However, on October 23, 2017, while the stay remained in effect as to Downey, he filed documents in this litigation. *See, e.g.*, ECF 24 ("Motion to Request Hearing", filed October 23, 2017); ECF 25 ("Motion to Amend Typographical Error", filed October 25, 2017); ECF 30 ("Request for Consideration to allow Steven E. Downey to Represent Farm Home Direct Home Food Services, LLC and Clipper City Lending, LLC", filed on October

---

[1] In my Order of August 15, 2017 (ECF 16), I explained that the automatic stay as to Downey does not preclude the continuation of the suit as to Sinsky, Farm Fresh Home, and Clipper City. *Id.* at 2 (citing *Kreisher v. Goldberg*, 478 F.3d 209, 213 (4th Cir. 2007)).

30, 2017).

By Order of November 6, 2017 (ECF 38), I directed Downey and plaintiff to provide a status report as to "Downey's bankruptcy proceedings; an explanation as to the appropriateness of Downey's recent filings, given the stay; and whether it is appropriate for the Court to lift the stay." *Id.*

By correspondence of November 16, 2017 (ECF 41), plaintiff stated that "Downey obtained a discharge in his Chapter 7 bankruptcy proceeding on Tuesday, November 14, 2017." *Id.* at 1; *see also* ECF 41-1 at 1-2 (Order of Discharge, dated November 14, 2017); ECF 41-1 at 3 (Final Decree, dated November 14, 2017) (concluding that "the Chapter 7 case" for Downey "is closed"). Further, plaintiff stated that, "[i]n light of Mr. Downey's discharge and the termination of his bankruptcy proceeding, the automatic stay is no longer" required. *Id.* at 2. Downey did not submit a status report. *See* Docket.

Because Downey's bankruptcy proceeding has been terminated (ECF 41-1 at 3), the stay as to Downey is hereby lifted.

On November 2, 2017, Downey lodged a counterclaim against plaintiff. ECF 33 ("Counterclaim"). He alleges, *inter alia*, that the Independent Representative and Non-Compete Agreement between Downey and plaintiff (the "Agreement") is illegal and unenforceable. *Id.* The Counterclaim is supported by multiple exhibits. *See* ECF 33-1 through ECF 33-14. Plaintiff has filed a motion to dismiss the Counterclaim. ECF 34 ("Motion to Dismiss"). The "Certificate of Service" provides that, on November 6, 2017, a copy of the Motion to Dismiss was mailed first class, postage prepaid, to Downey's address. *See* ECF 34 at 3.

Downey is self-represented. When a motion to dismiss is filed as to the pleading of a pro se litigant, the Clerk's Office ordinarily sends a letter to the self-represented party ("Rule 12/56 Letter"), informing him, *inter alia*, of his right to oppose the motion to dismiss and providing a deadline by which to file an opposition with the Court, if the party chooses to do so. *See Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975). However, based on my review of the docket, such a notice was not sent to Downey.

Accordingly, I shall DIRECT the Clerk to mail the Rule 12/56 Letter to Downey. In the meantime, Downey may respond to the Motion to Dismiss by **April 16, 2018**.

Despite the informal nature of this Memorandum, it is an Order of the Court, and the Clerk is directed to docket it as such.

/s/
Ellen Lipton Hollander
United States District Judge