IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FARM FRESH DIRECT DIRECT BY
A CUT ABOVE LLC,

    *Plaintiff*,

    v.

STEVEN DOWNEY, *et al.*,

    *Defendants*.

Civil Action No. ELH-17-1760

## MEMORANDUM

In this commercial dispute, plaintiff Farm Fresh Direct Direct By a Cut Above LLC

("Farm Fresh Direct")[1] filed suit against defendants Jessica Sinsky; Steven Downey; Clipper

City Lending LLC ("Clipper City"); and Farm Fresh Direct Home Food Services, LLC ("Farm

Fresh Home"), alleging unfair competition in violation of Section 43(a) of the Lanham Act,

codified at 15 U.S.C. § 1125(a) (Count One), and unfair competition and deceptive trade

practices under Maryland common law (Count Two). ECF 1 ("Complaint").[2] Count Three

alleges breach of contract only as to Downey and Clipper City. *See id.* at 6-7.

On May 15, 2018, plaintiff filed a "Motion For Order For Defendant Farm Fresh Direct

Home Food Services, LLC To Produce Financial Accounting Records" (ECF 58), along with a

supporting memorandum of law (ECF 58-1) (collectively, the "Motion"), and exhibits. *See* ECF

---

[1] The Complaint identifies plaintiff as "Farm Fresh Direct Direct by A Cut Above LLC."
ECF 1 at 1. However, documents submitted in this litigation indicate that the client's name is
"Farm Fresh Direct by A Cut Above LLC." *See, e.g.*, ECF 33-8 at 4-9. Moreover, in a recent
Status Report (ECF 60), plaintiff used the caption of "Farm Fresh Direct By a Cut Above LLC."
Yet, in footnote 1 of ECF 60, plaintiff stated that, on December 12, 2017, plaintiff filed Articles
of Amendment to change the name to "Farm Fresh by a Cut Above, LLC." Thus, confusion
continues as to plaintiff's correct name.

[2] Deceptive trade practice is codified in the Commercial Law Article of the Maryland
Code (2013 Repl. Vol., 2016 Supp.), §§ 13-301 *et seq.*

58-2 and ECF 58-3. No hearing is necessary to resolve the Motion. *See* Local Rule 105.6. For the reasons that follow, I shall deny the Motion.

No attorney has entered an appearance for Clipper City or Farm Fresh Home. *See* Docket. Thus, they have not responded to the suit lodged by Farm Fresh Direct. On August 15, 2017, plaintiff moved for Clerk's entry of default as to Farm Fresh Home and Clipper City. ECF 17. The Clerk entered default as to Clipper City on September 7, 2017 (ECF 19), and as to Farm Fresh Home on September 27, 2017. ECF 20. On September 28, 2017, plaintiff filed a two-page Motion for Default Judgment, solely against Farm Fresh Home. ECF 21.

By Memorandum (ECF 22) and Order (ECF 23) of October 6, 2017, I denied plaintiff's Motion for Default Judgment as to Farm Fresh Home, without prejudice. In my Memorandum, I stated, *inter alia*: "It does not appear that the damages, if any, sought by plaintiff can be known without some type of 'financial accounting.' Therefore, plaintiff's counsel may file a separate motion seeking an accounting, identifying and explaining the specific information sought from Farm Fresh Home that is pertinent to damages, and the basis of entitlement to recovery." ECF 22 at 8. However, I also stated that, pursuant to *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552 (1872), plaintiff had "not addressed the implications of default judgment limited only to Farm Fresh Home." ECF 22 at 6-8. The Court in *Frow* stated that, ordinarily, in order to avoid the risk of inconsistent judgments in a multi-defendant case, the proper course "is simply to enter a default" against the defaulting party, and to "proceed with the cause upon the answers of the other defendants." *Frow*, 82 U.S. (15 Wall.) at 554.

In the Motion (ECF 58), plaintiff states, *inter alia*, that it "is entitled to damages from" Farm Fresh Home for the alleged violation of 15 U.S.C § 1125(a). ECF 58-1 at 1. To calculate those damages, plaintiff asks the Court to order Farm Fresh Home "to produce all of its

accounting and financial records[.]" *Id.* Yet, plaintiff's suit is progressing as to Downey and Sinsky. *See* Docket. And, the suit is not at the damages stage. Moreover, in regard to the Motion, plaintiff has not addressed *Frow*, 82 U.S. (15 Wall.) 552.

In my view, the Motion is premature. Therefore, it is DENIED.

An Order follows.


Date: May 23, 2018                                    /s/
                                                     Ellen L. Hollander
                                                     United States District Judge